IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHANIE S. WALSH     *
             *
             *
   v.           *    Civil No. – JFM-12-3645
             *
SUNRISE SENIOR LIVING    *
MANAGEMENT, INC.      *
           ******

## MEMORANDUM

I previously denied a motion for summary judgment filed by defendant. The motion was based upon the contention that this court lacks subject matter jurisdiction because, at bottom, this is an action for medical malpractice and plaintiff did not file an arbitration action with the Maryland Health Claims Arbitration Office as required by Maryland law. Discovery has now been completed, and defendant has filed a motion to dismiss and a motion for summary judgment. Although I remain of the view, that I previously expressed – that this is an action for breach of contract, not an action for medical malpractice – I find that plaintiff has not presented sufficient evidence to substantiate her claims. Therefore, I would grant defendant's motion for summary and enter judgment on its behalf.

The action arises from defendant's decision to discharge from its facility William Walsh, who suffered from dementia. Defendant made this decision because Walsh exhibited aggressive and unsafe behavior, culminating on the night of October 2, 2000 when he banged walls, tried to grab staff members, punched a staff member, and threatened a staff member with an electric razor. After this incident, defendant's staff contacted 911 and Walsh was sent to a hospital for evaluation.

1

Walsh was a resident at defendant's facility pursuant to a contract. Article IV, Subpargraph B of the contract sets forth fifteen reasons why a resident may have to be discharged from defendant's care. Among those reasons is that the resident "presents an imminent physical threat to self or others."

Plaintiff alleges that when Walsh was admitted to defendant's facility, a representative of defendant promised that Walsh could remain at the facility for the rest of his life. This statement is alleged to have been fraudulent. However, the statement was not fraudulent. Walsh could have remained at the facility for the rest of his life had he not become aggressive. To the extent that plaintiff interpreted the statement as meaning that Walsh could remain at the facility for the rest of his life no matter what, her interpretation was entirely unreasonable in light of the express language of the contract between the parties.

The contract also provided that if plaintiff's condition worsened from his condition at the time of admission, he could be transferred to a unit at the facility called "Edna's Place." At the time of Walsh's residency, the Edna's Place unit was not available. The record demonstrates however, that Walsh was not a candidate for Edna's Place because Edna's Place is a unit that treats frail, end-stage dementia residents. Walsh's aggressive behavior would have prevented him from being admitted to Edna's Place.

For these reasons plaintiff's claim for breach of contract fails. For the same reasons, her claims for fraud and false advertising fail.[1]

A separate order entering judgment on behalf of defendant is being entered herewith.

---

[1] Plaintiff's claim for "false advertising" may also fail because it arises only under the Maryland Consumer Protection Act and it may be that facilities provided by defendant did not fall within the purview of that Act. I need not reach that question.

Date: 12/20/13

J. Frederick Motz
United States District Judge

FILED
2013 DEC 20 P 3: 18
CLERK'S OFFICE
AT BALTIMORE
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY